UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW ORSO AS SUCCESSOR TRUSTEE TO KENNETH D. BELL IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM

Case No. 8:21-mc-12-TPB-AEP

Plaintiff,

v.

TERRY DORMAN,

Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Continuing Writ of Garnishment against Virastan Global, LLC (Doc. 25). A judgment in the amount of $82,294.17 was entered in the action between the parties on August 14, 2017, in the District Court for the Western District of North Carolina, Charlotte Division, which was subsequently registered in the District Court for the Middle District of Florida on January 20, 2021 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiff, the judgment, plus post-judgment interest, remains unsatisfied. Plaintiff believes that Defendant is not in possession of tangible property on which a levy can be made sufficient to satisfy the judgment. Upon receipt of recent information, however, Plaintiff believes Garnishee Virastan Global, LLC is the employer of Defendant and therefore possesses salary or wages belonging to Defendant, which

may be applied to the balance owed on the judgment. By the instant motion, Plaintiff now requests that the Court issue a writ of continuing garnishment directed to Garnishee Virastan Global, LLC., to recover on the outstanding judgment.

Pursuant to Rule 69, Federal Rules of Civil Procedure, the Court must follow state law regarding execution of a judgment. Fed. R. Civ. P. 69(a)(1). Florida Statutes § 77.01 allows recovery of a money judgment via a writ of garnishment. Under Florida Statutes § 77.0305, "if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." As Plaintiff has recovered a judgment against Defendant, which remains outstanding, the Court may enforce the judgment through a writ of continuing garnishment pursuant to Florida law. *See Ainbinder v. Hingson*, Case No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018). Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Writ of Garnishment after Judgment (Doc. 25) is GRANTED.

2. The Clerk is hereby directed to issue a Writ of Continuing Garnishment upon Virastan Global LLC.

3. As Defendant Terry Dorman is an individual, the Clerk is hereby directed to attach the required notice to Defendant Terry Dorman pursuant to Florida Statutes § 77.041(1) to the writ of garnishment.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of March, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

3