UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                      Case No. 8:21-mc-12-TPB-AEP

TERRY DORMAN,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR FINAL JUDGMENT IN GARNISHEMENT AS TO GARNISHEE JPMORGAN CHASE BANK, N.A.

This matter comes before the Court on Plaintiff Nationwide Judgment Recovery, Inc.'s "Motion for Final Judgment in Garnishment as to Garnishee JPMorgan Chase Bank, N.A.," filed on April 25, 2023. (Doc. 47). Nationwide seeks entry of a judgment of garnishment against Garnishee JPMorgan Chase Bank, N.A. ("Chase"), in the amount of $501.05 to assist in the satisfaction of a foreign judgment entered against Defendant Terry Dorman in the District Court for the Western District of North Carolina, Charlotte Division ("WDNC"). Neither Terry Dorman nor any other party responded to the motion, and the time for doing so has lapsed. *See* Local Rule 3.01(c). Upon review of the motion, court file, and record, the Court finds as follows:

### Background

ZeekRewards operated a Ponzi scheme in 2010 and 2011, which led to thousands of individuals (the "Net Winners"), including Terry Dorman, to receive

benefits at the expense of individuals who lost money because of the scheme (the "Net Losers"). In 2012, the Securities and Exchange Commission filed suit in the WDNC seeking to shut down the scheme. In that action, the court appointed a receiver, Kenneth Bell, to identify and locate Net Winners, recover their ill-gotten gains, and split those funds among the Net Losers. Given his charge, Receiver Bell initiated an action in the WDNC against the Net Winners and obtained class certification of those individuals. On August 14, 2017, the WDNC entered a final judgment in favor of Receiver Bell and against the class of Net Winners. Specifically, as to Terry Dorman, the WDNC entered judgment in the amount of $82,294.17, with an award of post-judgment interest. (Doc. 1).

Subsequently, Matthew E. Orso was appointed as successor receiver to Receiver Bell. (Doc. 1-2). After his appointment, Receiver Orso registered the judgment against Terry Dorman with the District Court for the Middle District of Florida on January 20, 2021.[1] (Doc. 1). Following both the assignment of the judgment from Receiver Orso to Nationwide and the substitution of Nationwide as Plaintiff in this action (Docs. 32, 34, & 35), Nationwide moved for issuance of a writ of garnishment against Chase based on information indicating that Chase held possession or control of tangible assets of Terry Dorman. (Doc. 36).

The Magistrate Judge granted Nationwide's request on January 3, 2023, and, the next day, the Clerk of Court issued a writ of garnishment to Chase along with

---

[1] Under 28 U.S.C. § 1963, a judgment in an action for the recovery of money or property entered in any district court may be registered in another district court once the judgment has become final, and "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

the required notice to Terry Dorman of his rights pursuant to § 77.041(1), *F.S.* (Docs. 38; 41).  On January 27, 2023, Chase answered the Writ, identifying the following: (1) a checking account ending in 7333 held in the name of Terry Dorman and Rebecca Dorman, with an available balance of $150.04; (2) a savings account ending in 9839 held in the name of Terry Dorman and Rebecca Dorman, with an available balance of $351.01; and (3) a checking account ending in 3355 held in the name of Terry Dorman and Rebecca Dorman, with a balance of $1,440.59. (Doc. 44).[2]  Chase restrained the total amount of $501.05, excluding the amount in the checking account ending in 3355 because the account held deposits of federal benefits payments exempt from garnishment under 31 C.F.R. § 212.1 *et seq.*

Nationwide served Terry Dorman at his last known address with proper notice of the Writ on January 12, 2023, in accordance with § 77.041, *F.S.*  (Doc. 43). Nationwide then served Terry Dorman with proper notice of Chase's answer to the Writ on February 1, 2023, in accordance with § 77.055, *F.S.*  (Doc. 45). Additionally, Nationwide served Rebecca Dorman with a "Notice to Party with Account Ownership Interest Pursuant to Section 77.055, Fla. Stat." as a party with a potential ownership interest in the Chase accounts identified in Chase's answer to the Writ.[3]  (Doc. 45).  None of the mailings were returned to Nationwide, and no one objected, filed a claim of exemption, or moved to dissolve the Writ.

---

[2] In its answer, Chase requested payment of the statutory fee for preparation of the answer by its counsel pursuant to § 77.28, *F.S.*  (Doc. 44, at 3).

[3] Upon the request by the court in a similar proceeding, Nationwide addressed whether a defendant who maintains a joint account is entitled to a presumption that the restrained funds are held as tenancy by the entirety and therefore exempt.  *See Nationwide Judgment Recovery, Inc. v. Carole Crisp*, No. 8:20-mc-75-JSM-SPF (M.D. Fla. filed Aug. 28, 2020)

As of the filing of the instant motion, the judgment against Terry Dorman remains outstanding, with interest accruing pursuant to applicable law. Accordingly, Nationwide now moves for entry of judgment in garnishment as to Chase in the amount of $501.05. (Doc. 47). Nationwide argues that it provided the requisite statutory notices to Terry Dorman, provided proper notice to Rebecca Dorman, Terry Dorman failed to respond to the garnishment with a claim of exemption or motion to dissolve, and Nationwide otherwise met the statutory requirements necessary for entry of a judgment of garnishment, entitling it to a final judgment of garnishment against Chase. As indicated above, neither Terry Dorman nor any other party responded in opposition to the motion.

## Legal Standard

A party may enforce a money judgment by a writ of execution unless a court directs otherwise. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Florida's procedure in aid of execution governs the instant motion. *PACA Trust Creditors of Worldwide ex rel. Worldwide Produce & Groceries, Inc. v. Harbour Lobster & Fish Co.*, No. 12-24288-Civ, 2015 WL 1825947, at *1 (S.D. Fla. Apr. 21, 2015). To that end, Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of

---

(Docs. 32; 35). For the same reason – the lack of evidence in the record indicating that Terry Dorman and Rebecca Dorman are married – the Court finds that the presumption does not apply in this instance. *See id.* (Docs. 45; 47)

garnishment and controls in this case. *Id.*

In Florida, every person or entity who has recovered a judgment in any court against any person or entity possesses a right to a writ of garnishment. § 77.01, *F.S.* Before a writ of garnishment can be issued, a plaintiff must file a motion stating the amount of the judgment. § 77.03, *F.S.* After issuance of a writ of garnishment, a plaintiff must provide the defendant with two separate notices – (1) a copy of the writ of garnishment, and, if the defendant is an individual, a statutorily required notice to the defendant, within five business days after the writ is issued or three business days after the writ is served on the garnishee, whichever is later; and (2) to the extent a garnishee answers the writ, a copy of the garnishee's answer and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. §§ 77.041(1) & (2), 77.055, *F.S.*; *see PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *2. For each notice, the plaintiff must mail the notice to the defendant's last known address and must file a certificate of service in the proceeding. §§ 77.041(2), 77.055, *F.S.* In addition, the plaintiff must serve the copy of the garnishee's answer and the requisite notice on any other person disclosed in the garnishee's answer to have any ownership interest in the account controlled by the garnishee. § 77.055, *F.S.*

A writ of garnishment may be dissolved on a motion filed by the defendant or any other person having an ownership interest in the property, as disclosed by the

garnishee's answer, within 20 days after service on the defendant and on any other person receiving notice from the plaintiff, stating that any allegation in the plaintiff's motion for writ is untrue. § 77.07(2), *F.S.* A claim of exemption must also be filed within 20 days of receipt of notice of the writ of garnishment. § 77.041(1), *F.S.* When a plaintiff shows that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to the writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *Nationwide Judgment Recovery, Inc. v. Pateau*, No. 6:21-mc-80-CEM-EJK, 2022 WL 3236732, at *1 (M.D. Fla. July 18, 2022), *report and recommendation adopted by* 2022 WL 3227185 (M.D. Fla. Aug. 10, 2022). Any judgment against the garnishee on the garnishee's answer shall be entered for the amount of the garnishee's liability, as disclosed by the answer. § 77.083, *F.S.* Notably, the judgment of garnishment may not exceed the amount remaining unpaid on the final judgment against the defendant nor exceed the amount of the liability of the garnishee to the defendant. *Id.*

## Analysis

Florida courts strictly construe garnishment statutes. *PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *1 (citing *Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009) (same). Here, Nationwide demonstrated that it complied with all statutory requirements. Namely, Nationwide filed a motion stating the amount of

the judgment entered against Terry Dorman in the WDNC, obtained a writ of garnishment against Chase, provided the requisite statutory notice to Terry Dorman of the Writ, and provided the requisite statutory notice to Terry Dorman and Rebecca Dorman of Chase's answer to the Writ.  Neither Terry Dorman nor any other party objected, filed a claim of exemption, or moved to dissolve the Writ. Based on this record, therefore, Nationwide met the statutory requirements for a judgment of garnishment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Nationwide Judgment Recovery, Inc.'s "Motion for Final Judgment in Garnishment as to Garnishee JPMorgan Chase Bank, N.A." (Doc. 47) is **GRANTED**.

2) The Clerk is directed to enter final judgment in garnishment in favor of Nationwide Judgment Recovery, Inc., and against JPMorgan Chase Bank, N.A. in the amount of $501.05, held in checking account ending in 7333 and savings account ending in 9839, under § 77.083, *F.S.*, which shall be made payable to the attorney trust account of Nationwide's counsel.

3) Chase's request for $100 in statutory attorney's fees under § 77.28, *F.S.*,

made payable by Nationwide directly to Chase or its counsel upon demand, is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of June, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**