**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                        Case No. 8:21-mc-00012- TPB-AEP

TERRY DORMAN,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion to Compel Defendant/Judgment Debtor to Appear for Deposition in Aid of Execution (Doc. 58). For the reasons stated herein, the Motion is denied.

**I.**     **Background**

A judgment in the amount of $82,294.17 in Plaintiff's favor was entered in the action between the parties on August 14, 2017, in the District Court for the Western District of North Carolina, Charlotte Division, and was subsequently registered in the District Court for the Middle District of Florida on January 20, 2021 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiff, the judgment, plus post-judgment interest, remains unsatisfied. On December 9, 2024, Plaintiff filed an Amended Notice of Taking Deposition Duces Tecum in Aid of Execution which scheduled the deposition of Defendant Terry Dorman for January 10, 2025 (Doc.

58, ¶ 4). Plaintiff then mailed said notice via USPS first class mail to Mr. Dorman's believed address in Bradenton, Florida (Doc. 58, ¶ 4). However, Mr. Dorman did not appear on January 10th for his scheduled deposition (Doc. 58, ¶ 6). Plaintiff now seeks an Order from this Court compelling his deposition.

**II.     Analysis**

Under Rule 30, a party may depose an opposing party by oral questions upon reasonable written notice to all parties. Fed. R. Civ. P 30(b)(1). Additionally, under the Local Rules, the notice must be provided fourteen days in advance of the deposition. M.D. Fla. Loc. R. 3.04. Here, the inquiry turns on whether Plaintiff's notice was *reasonable*. Plaintiff asserts that the address the notice was mailed to is Defendant's residence based on a recorded deed (Doc. 58-4). However, there is no indication that this is Defendant's primary residence or that Defendant was residing at the address when the notice allegedly arrived. Moreover, it is unknown to this Court whether anyone at that residence even received the notice as Plaintiff has attached only a receipt demonstrating that it spent $1.77 to send the notice through USPS first class mail to Defendant's alleged address (Doc. 58-2). There is no showing that the package actually arrived at that address or was received by any individual. In arguing that notice was proper, Plaintiff cites to *Deepgulf, Inc. v. Moszkowski*, 2019 U.S. Dist. LEXIS 69603 at *4 (M.D. Fla. Jan. 20, 2019). However, as that case does not exist, it appears Plaintiff is referring to the Northern District case of *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600 (N.D. Fla. 2019). This case does Plaintiff no favors. In *Deepgulf*, Plaintiff moved to compel defendant's

2

deposition without sending any written notice. *DeepGulf*, 330 F.R.D. at 606. In denying the plaintiff's motion, the court specifically highlighted that written notice was efficacious with the Rule only where reasonable. *Id.* Here, the Court finds that Plaintiff has not made reasonable efforts to provide Defendant with notice of the deposition. Similarly, in attempting to confer with Defendant prior to filing this motion, Plaintiff merely mailed a letter to the same Bradenton address and did not attempt any alternate methods of contact. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Compel Defendant/Judgment Debtor to Appear for Deposition in Aid of Execution (Doc. 58) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 10th day of February 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

3